IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
JOSHUA KIM SWEAT,             )
                              )
    Plaintiff,                )
                              )    CIVIL ACTION NO.
    v.                        )      2:24cv394-MHT
                              )          (WO)
ANN DAVIS and KATHY GARIS,    )
                              )
    Defendants.               )
```

OPINION

Pursuant to 42 U.S.C. § 1983, plaintiff, who at the time was incarcerated at the Chilton County Jail, filed this lawsuit asserting that defendants treated plaintiff "unequally" by: housing him 23 hours a day in a Covid-19 quarantine dorm; only giving him up to 30 minutes outside of his cell each day and never letting him go outside; deliberately putting him in a location where he was unable to view the television; and searching and photocopying his legal mail. Plaintiff also asserts that he requested his account transactions for the last six months and that defendants refused to

provide those transactions.* This lawsuit is now before the court on the recommendation of the United States Magistrate Judge that plaintiff's case be dismissed without prejudice for failure to comply with a court order that directed plaintiff to provide the court with his inmate account statement. Plaintiff did not submit any objections to the recommendation. The recommendation was returned by the post office marked "return to sender." *See* Returned Envelope (Doc. 5) at 1.

After an independent and de novo review of the record, the court concludes that the magistrate judge's recommendation should be adopted to the extent that it recommends dismissal for failure to follow a court

---

\* Plaintiff filed with his complaint an application to proceed without prepayment of fees that required him to attach to his application "a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months for any institutional account in my name." Application to Proceed Without Prepayment of Fees (Doc. 2) at 1. The court assumes that plaintiff requested the account statement for the purpose of filing the application.

order. However, the court is somewhat reluctant to adopt the reasoning of the recommendation to the extent it focuses on plaintiff's failure to file the account statement, given that plaintiff stated in his complaint that he had requested a copy of his inmate account statement from jail staff but was denied a copy of it. In any case, plaintiff also failed to follow another court order. The magistrate judge entered an order the day after the complaint was filed notifying plaintiff that he "must immediately inform the Court and Defendants or Defendants' counsel of any change in his address." Order (Doc. 3) at 2. The order further warned that "failure to provide a correct address to the Court within 10 days following a change of address will result in dismissal of this action." *Id*.

The court concludes that plaintiff failed to comply with this court order. The clerk of court mailed a copy of the magistrate judge's recommendation to plaintiff at the Chilton County Jail on August 22,

3

2024. It was returned to the clerk of court by the post office marked "return to sender" on September 16, 2024. *See* Returned Envelope (Doc. 5) at 1. Thus, it appears that when the recommendation arrived at the Chilton County Jail in late August or early September, plaintiff was no longer at the Chilton County Jail. It has now been more than ten days since plaintiff's change in address, and plaintiff has not filed a notification with the court of a new address. Accordingly, the court will dismiss this case for failure to comply with the court order that directed plaintiff to notify the court of any change in address.

An appropriate judgment will be entered.

DONE, this the 10th day of October, 2024.

         /s/ Myron H. Thompson
        **UNITED STATES DISTRICT JUDGE**